IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL NO. 13-00315 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT AND DENYING |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYING |
| TOWN OF HAMPTON, NEW HAMPSHIRE, ET AL., | ) | FEES OR COSTS AS MOOT |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT**

Currently before the court is Evans's First Amended Complaint along with his application to proceed without prepayment of fees and costs (the "IFP"). ECF No. 17. Because Evans fails to comply with Rule 8 of the Federal Rules of Civil Procedure, this court dismisses Evans's First Amended Complaint and denies his IFP as moot.

As the court stated in its Order Dismissing Complaint and Denying Plaintiff's Application to Proceed Without Prepaying Fees or Costs as Moot ("Order"), Evans must comply with the Federal Rules of Civil Procedure. ECF No. 17. Specifically, Evans must comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. To state a plausible claim, the complaint must, at a minimum, "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Evans's First Amended Complaint asserts conspiracy to commit fraud and intentional infliction of emotional distress. However, Evans has not included factual allegations going to the claims. The legal bases for his claims remain unclear. Even construing Evans's First Amended Complaint liberally, see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for either of Evans's claims. See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

The court grants Evans one more opportunity to state the legal bases for his claims before terminating this action. Any Second Amended Complaint must cure these deficiencies by stating a claim upon which relief may be granted. Evans may file a Second Amended Complaint that is complete in itself (that is, does not incorporate any prior complaint by reference) no later

than July 31, 2013.  He must also either pay the civil filing fee or submit a new IFP.  Failure to either meet the above deadline or to state a claim upon which relief may be granted shall cause this action to be automatically dismissed.  Given the court's dismissal of Evans's First Amended Complaint, the court denies Evans's IFP as moot.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, July 12, 2013.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        United States District Judge

Evans v. Town of Hampton, New Hampshire, et al.; Civil No. 13-00315 SOM/BMK; ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT